UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CULLEN DAVIS WALKER II, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-951-PPS-MGG |
| C. RITCHEY, | |
| Defendant. | |

OPINION AND ORDER

Plaintiff Cullen Davis Walker II is incarcerated, and he has filed a complaint against C. Ritchey, a correctional officer at the Indiana State Prison, who is alleged to have used excessive force against Mr. Walker in violation of the Eight Amendment to the United States Constitution.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, because Mr. Walker is incarcerated, pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id*. 28 U.S.C. § 1915A(b)(1), (b)(2).

Mr. Walker claims that either on December 12 or 31, 2018,[1] he was in the cafeteria trying to get a food tray when a commotion broke out between Officer Ritchey and several inmates who wanted second helpings. When Officer Ritchey saw Mr. Walker with a tray, he lunged toward him and, when Mr. Walker tried to step around him, struck Mr. Walker's hand causing it to smash against the concrete wall. Mr. Walker demanded that a sergeant be called and when one came, he was told he could have his tray back. Since then, Mr. Walker's hand has been in chronic pain, and he sometimes loses sensation in his fingers. He's no longer able to lift heavy things for a prolonged period of time.

The "core requirement" for an excessive force claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

According to Mr. Walker's allegations, Officer Ritchey used significant force against Mr. Walker without provocation and maliciously, causing an injury that continues to this day. This is enough for Mr. Walker's case to proceed under the Eighth Amendment.

For these reasons, the Court:

---

[1] The complaint uses both dates as the date of the incident. (*See* ECF 2 at 2 and 3.)

(1) GRANTS Cullen Davis Walker II leave to proceed on a claim for compensatory damages against Officer C. Ritchey, in his individual capacity; namely, that Officer C. Ritchey violated his rights under the Eighth Amendment by using excessive force against him on either December 31 or December 12, 2018;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer C. Ritchey with a copy of this order and the complaint (ECF 2), pursuant to 28 U.S.C. § 1915(d);

(4) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of Officer C. Ritchey if he does not waive service and if the Indiana Department of Correction has such information;

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer C. Ritchey to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Mr. Walker has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:  October 26, 2020.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT