UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CULLEN DAVIS WALKER, II, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-951-MGG |
| C. RITCHEY, | |
| Defendant. | |

## OPINION AND ORDER

Cullen Davis Walker, II, a prisoner without a lawyer, is proceeding in this case against Officer C. Ritchey, in his individual capacity, for violating his rights under the Eighth Amendment by using excessive force against him on December 31, 2018. ECF 25 at 3. Officer Ritchey filed a motion for summary judgment. ECF 77. Walker filed a response, and Officer Ritchey filed a reply. ECF 83, 84. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, the relevant facts are largely undisputed. Both parties agree to the following facts: During the relevant time period, Walker was an inmate and Officer Ritchey was a correctional officer at Indiana State Prison. ECF 77-1 at 5. On December 31, 2018, Walker left his cell and went to the cafeteria for breakfast. *Id.* at 11-13. There were approximately 40-50 other inmates at the cafeteria, and Officer Ritchey was the only correctional officer present. *Id.* at 16. Officer Ritchey was standing at the front of the chow line. *Id.* While Walker was near the front of the chow line, Officer Ritchey accused two or three inmates ahead of Walker of doubling back to receive a second tray of food. *Id.* at 16-17. Officer Ritchey ordered those inmates to get out of line. *Id*. Those inmates argued with Officer Ritchey and denied that they already had received a tray of food. *Id.* at 17. Other inmates also began arguing with Officer Ritchey, but there is no evidence that Walker was involved in the argument. *Id.* at 17-18. During the argument, Officer Ritchey instructed cafeteria staff to stop handing out food trays. *Id.* at 18-19. Eventually, the inmates involved in the argument with Officer Ritchey left the chow line. *Id.* at 18. At that point, Walker stepped up to the food slot and was handed a food

2

tray. *Id.* at 18-19. Once Walker received his tray, Officer Ritchey stepped in front of Walker to block his path down the chow line. *Id.* at 19. Officer Ritchey called Walker an obscene name, but did not give him any orders. *Id.* at 20. Walker tried to move around Officer Ritchey, at which point Officer Ritchey struck Walker's right hand, knocking his hand into a concrete wall and sending his food tray into the air. *Id.* at 20-23. Officer Ritchey then made a threatening gesture and a derogatory remark to Walker, but Walker avoided any further interaction with Officer Ritchey by getting out of the chow line and waiting to speak to a sergeant. *Id.* at 23-24.

Four or five hours after the incident, Walker went to the medical unit for an examination and received Tylenol and hand exercises from the medical staff. *Id.* at 27-28. He had previously fractured his right hand about a year and a half before the incident. *Id.* at 30. Since the incident, Walker has experienced ongoing hand pain and has difficulty gripping, squeezing, and lifting objects with his right hand. *Id.* at 25-26, 31. He returned to the medical unit for follow-up care approximately six months after the incident. *Id.* at 29-30. At the time of his deposition, Walker was still taking Tylenol and performing hand exercises for his hand pain. *Id.* at 28, 31. Because neither party disputes these facts, the court accepts them as undisputed.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In order to survive summary judgment, a plaintiff must put forth evidence that "support[s] a reliable inference of wantonness in the infliction of pain." *Id*. at 322. The core requirement for an excessive force claim is that the defendant "used force not in a good-faith effort to

maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). In determining whether the intent was malicious, relevant factors include how much force was needed versus how much was actually used; the extent of injury inflicted; whether the force was needed because of a risk to someone's safety; and whether the officers made efforts to limit the severity of the force. *McCottrell v. White*, 933 F.3d 651, 663 (7th Cir. 2019).

     Officer Ritchey argues summary judgment is warranted in his favor because he did not use excessive force against Walker, as his actions occurred in an effort to maintain order and discipline in the prison cafeteria. ECF 79 at 3-5. However, applying the factors outlined in *McCottrell*, a reasonable jury could conclude Officer Ritchey used force maliciously against Walker. Regarding the first factor, a reasonable jury could conclude that no force was needed against Walker, as there is no evidence Walker was involved in the argument with Officer Ritchey or that Walker ever received or disobeyed any order from Officer Ritchey. *See McCottrell*, 933 F.3d at 663. Instead, the undisputed facts show Walker was handed a food tray by cafeteria staff, tried to walk around Officer Ritchey, and Officer Ritchey struck Walker's hand and knocked down the tray. Walker testified at his deposition that he never received any order from Officer Ritchey and did nothing to instigate the use of force. In his affidavit, Officer Ritchey attests that he perceived a threat from the inmates because they were arguing with him and his verbal commands were unsuccessful, but there is no evidence that Walker posed any threat or disobeyed any command. ECF 77-2 at 2. Construing the evidence in the light most favorable to Walker, a reasonable jury could conclude there was no need

4

for Officer Ritchey to use any force against Walker. Regarding the remaining factors, a reasonable jury could conclude that: (1) Walker suffered a significant injury to his hand, as he has experienced ongoing hand pain and has difficulty gripping, squeezing, and lifting objects with his hand; (2) Officer Ritchey's force was not needed because of a risk to someone's safety, as there is no evidence Walker posed any threat to anyone's safety; and (3) Officer Ritchey made no effort to limit the severity of the force, as there is no evidence he gave Walker any command prior to using force. *See McCottrell*, 933 F.3d at 663. Accordingly, based on the evidence in the record, a reasonable jury could conclude Officer Ritchey violated Walker's Eighth Amendment rights by using force maliciously and sadistically to cause harm, not in a good-faith effort to maintain or restore discipline. *See Hendrickson*, 589 F.3d at 890.

Lastly, Officer Ritchey argues he is entitled to qualified immunity because "it was not clearly established that hitting an inmate's hand while holding an object that ultimately travels less than an inch to make contact with another object[1] is clearly established to violate constitutional rights." ECF 79 at 5-6. However, Walker provides evidence that Officer Ritchey struck his hand without any justification and caused an injury to his hand. Crediting Walker's version of events, it would be clear to a reasonable officer that striking an inmate's hand without any justification is unlawful. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a

---

[1] Walker testified at his deposition that he was standing less than an inch from the concrete wall when Officer Ritchey struck his hand. ECF 77-1 at 22. However, Officer Ritchey's assertion that Walker's hand traveled less than an inch to hit the concrete wall is not supported by any evidence in the record.

5

reasonable officer that his conduct was unlawful in the situation he confronted"). Thus, Officer Ritchey cannot avoid trial on grounds of qualified immunity.

For these reasons, the court DENIES Officer Ritchey's motion for summary judgment (ECF 77).

SO ORDERED on September 23, 2022

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge